1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STAFFORD B. DAVIS,

11            Plaintiff,                    No. CIV S-10-2003 FCD EFB PS

12       vs.

13   THE JOHN STEWART COMPANY,
                                            ORDER AND
14            Defendant.                    FINDINGS AND RECOMMENDATIONS
     _____/

15

16        This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendant removed the action pursuant from

18   Sacramento County Superior Court on July 28, 2010 on the basis of federal question jurisdiction,

19   since the complaint alleged causes of action for unlawful employment discrimination under Title

20   VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1).  Dckt. No. 1

21   (citing 28 U.S.C. §§ 1441, 1446, 1331, and 1367).

22        On December 9, 2010, the undersigned issued a status (pretrial scheduling) order which,

23   among other things, provided plaintiff until January 10, 2011 to file a motion for leave to amend

24   his complaint, based on representations plaintiff made at the status (pretrial scheduling)

25   conference.  Dckt. No. 14 at 2.  On January 4, 2011, plaintiff filed such a motion, along with a

26   proposed amended complaint.  Dckt. No. 15.

1

On January 26, 2011, defendant filed a statement of non-opposition to plaintiff's motion to amend his complaint or the proposed amended complaint.  Dckt. No. 18.  Therein, defendant also stated that "[o]nce leave is given, the amended complaint does not allege any cause of action of which this court has original jurisdiction and remand to state court appears appropriate."  *Id.*  In light of that non-opposition, as well as the liberal amendment standards set forth in Federal Rule of Civil Procedure 15(a)(2), on February 1, 2011, the court granted plaintiff's motion to amend and directed plaintiff to file a copy of the proposed amended complaint as a separate docket entry.  Dckt. No. 19.

On February 4, 2011, plaintiff filed his first amended complaint, which eliminated all of plaintiff's federal claims.  Dckt. No. 20.  Plaintiff now moves to remand this case to state court.  Dckt. Nos. 21, 23.

Although defendant earlier stated that "remand to state court appears appropriate," Dckt. No. 18, defendant now opposes plaintiff's motion to remand.  Dckt. No. 28.  In opposition to the motion to remand, defendant contends that since federal claims existed at the time of removal, a later amendment deleting all federal claims does not affect the court's subject matter jurisdiction, even if only state law claims remain.  *Id.*  Defendant therefore "requests that the Court exercise its discretion to continue to exercise pendent jurisdiction over this case even though plaintiff has filed an amended complaint with only state law causes of action," because this court has invested significant judicial resources in this case and because defendant opines that the requested remand is really just a delay tactic by plaintiff.  *Id.* at 5-6.

Defendant is correct that the propriety of removal jurisdiction is determined at the time of removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).  If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction even though the federal claim has been dropped from the case and only state law claims remain.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990).  Here, because the complaint in effect at the time of defendant's removal

1  contained federal claims, this court does not lack subject matter jurisdiction.  Therefore,

2  "plaintiff[] cannot compel remand by amending his complaint to eliminate the federal claims

3  which provided the basis for removal."  *Moyles*, 2005 WL 1561519, at *3 (citing *Sparta Surgical

4  Corp. v. Nat'l Ass'n of Sec. Dealers, Inc*., 159 F.3d 1209, 1213 (9th Cir. 1998)).

5          Nonetheless, once all federal claims are eliminated from an action, federal courts have

6  discretion to remand the remaining state law claims.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d

7  203, 205 (9th Cir. 1991).  In order to make the remand determination, a court should consider

8  factors such as judicial economy, convenience, fairness, comity, and forum manipulation.

9  *Carnegie-Mellon Univ.*, 484 U.S. at 357.  Based on these factors, "it is generally preferable for a

10  district court to remand remaining pendent claims to state court."  *Harrell*, 934 F.2d at 205.

11          Applying the remand factors to the present case, the undersigned will recommend

12  remanding this case to state court.  Plaintiff's first amended complaint eliminates all federal

13  claims for relief.  Although defendant contends that this court has invested significant judicial

14  resources in this case, it has not considered the merits of any of plaintiff's claims.  The state

15  court is equally competent to hear this case and is more familiar with the law of its own forum.

16  *Moyles*,  2005 WL 1561519, at *3.  Additionally, the state and federal fora are located in the

17  same city, so both are equally convenient to the parties, and "there is no reason to doubt that a

18  state forum will provide an equally fair adjudication of the matter as this court."  *Id.* at *4.

19          Finally, although defendant opines that plaintiff is seeking remand as a delay tactic, there

20  is no reason for this court to believe that plaintiff is engaging in manipulative pleading practices.

21  Even though plaintiff's first amended complaint seeks to avoid federal jurisdiction and to obtain

22  remand, there is no indication that plaintiff is seeking to do so in bad faith.  The Ninth Circuit

23  has specifically stated that "[a] plaintiff is entitled to file both state and federal causes of action

24  in state court" then "settle certain claims or dismiss them with leave of the court" upon removal.

25  *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 490 (9th Cir. 1995).  According to the *Baddie*

26  court, "such practice is not manipulative and need not be discouraged unless there is reason to

3

1  believe that the inclusion of the federal claims was to put the defendants through the

2  removal-remand procedure." *Moyles*, 2005 WL 1561519, at *2 (citing *Baddie*, 64 F.3d at

3  490-91); *see also Gilmore v. Bank of New York,* 2009 WL 2031736, at *3 (S.D. Cal. July 9,

4  2009).  Here, there is nothing in the record to indicate that plaintiff intentionally included the

5  federal claims in his original complaint and then deleted them from the first amended complaint

6  in order to put defendant through that procedure.

7        Therefore, the undersigned will recommend that this case be remanded to the Superior

8  Court for the State of California in and for the County of Sacramento.  *See Moyles*, 2005 WL

9  1561519; *Mendoza v. Bank of America*, 2009 WL 1110816, at *2 (N.D. Cal. Apr. 24, 2009)

10  ("Plaintiff's Amended Complaint does not contain any federal claims.  In fact, all fourteen

11  causes of action are state statutory or common law claims.  There is no clear evidence that

12  Plaintiff removed her federal claims solely to divest the Court of its subject matter jurisdiction.

13  Thus, the Court finds that this action should be remanded to the state court."); *Sabbagh v. Ohana*

14  *Group, LLC*, 2006 WL 2254481, at *2 (W.D. Wash. Aug. 7, 2006).

15        Accordingly, IT IS HEREBY ORDERED that the hearing date of March 16, 2011 on

16  plaintiff's motion to remand, Dckt. Nos. 21 and 23, is vacated.

17        It is FURTHER RECOMMENDED that:

18        1.  Plaintiff's motion to remand, Dckt. Nos. 21 and 23, be granted; and

19        2.  This action be remanded to the Superior Court for the State of California in and for the

20  County of Sacramento.

21        These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

26  ////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5